UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENRY and CATHLEEN ZENO, on
behalf of their minor son, A.Z.,

          Plaintiffs,

 -against-

PINE PLAINS CENTRAL SCHOOL DISTRICT,

          Defendant.

---

**ANSWER**

**07 CIV. 6508 (KMK)(MDF)**

**ECF CASE**

 The defendant Pine Plains Central School District, by its attorneys Ryan & Smallacombe, PLLC, as and for an answer to the amended complaint herein alleges as follows:

 1. In response to the allegations contained in paragraph numbered "1", defendant admits, that upon information and belief, that plaintiffs are the parents of A.Z., a minor son who attends high school at the Pine Plains Central School District who is classified as a special education student and otherwise lacks knowledge and information sufficient to form a belief to the remaining allegations contained therein and refers all questions of law to the Court.

 2. Defendant admits the allegations contained in paragraph numbered "2' of the complaint and affirmatively states that it fulfills all duties enjoined upon it by law and refers all questions of law to the Court.

 3. In response to the allegations contained in paragraph numbered "3" of the complaint, defendant admits that plaintiff has commenced this action under Title IX of the Civil Rights Act of 1964 and except as so admitted, denies the allegations contained therein and refers all questions of law to the Court.

4. In response to the allegations contained in paragraph numbered "4" of the complaint, defendant admits that it is a school district located in Dutchess County and as such, the Southern District of New York is a proper venue for litigation and otherwise denies the allegations contained therein and refers all questions of law to the Court.

5. In response to the allegations contained in paragraph numbered "5" of the complaint, defendant admits that the Zeno family entered the Pine Plains School District sometime in January 2005 and except as so admitted, otherwise denies the allegations contained therein and refers all questions of law to the Court.

6. Defendant denies the allegations contained in paragraphs numbered "6", "7", "12", "14", "22", "23", "24" and "26" of the complaint and refers all questions of law to the Court.

7. In response to the allegations contained in paragraph numbered "8" of the complaint, defendant admits that the High School Principal is John Howe and that Mr. Howe has been involved in the discipline of various students based upon inappropriate conduct and in the course of the discipline has had the occasion to speak with the offending students and his/her families and except as so admitted, denies the allegations contained therein and refers all questions of law to the Court.

8. In response to the allegations contained in paragraph numbered "9" of the complaint, defendant admits that some incidents were on occasion brought to the attention of Superintendent, Linda Kaumeyer, and admits that the plaintiffs had been advised that the District maintains a policy against harassment and except as so admitted, denies the allegations contained therein and refers all questions of law to the Court.

9. In response to the allegations contained in paragraph numbered "10" of the complaint, defendant admits that at least on one occasion the plaintiff Catherine Zeno came to a Board of Education meeting and spoke on school safety and has written several letters to the Superintendent of Schools concerning her children and except as so admitted, denies the allegations contained therein and refers all questions of law to the Court.

10. In response to the allegations contained in paragraph numbered "11" of the complaint, defendant admits that an incident occurred sometime in September 2005 where a verbal exchange occurred between A.Z. and another student, defendant denies that the verbal exchange involved racial epithets, defendant admits that the following day an additional verbal exchange occurred between A.Z. and another male student, again involving foul language, not racial epithets, which exchange was broken up by a school employee at which time a student grabbed a chair; thereafter the offending student made comments to the Principal which did result in the Principal alerting the Dutchess County Sheriff's Office and the student being suspended; except as so admitted, defendant denies any and all remaining allegations and refers all questions of law to the Court.

11. In response to the allegations contained in paragraph numbered "13", defendant admits that it became aware of a threat left in the boys bathroom pertaining to A.Z., and that defendants immediately contacted the police and an investigation was undertaken and except as so admitted, defendant denies the allegations contained therein and refers all questions of law to the Court.

12. In response to the allegations contained in paragraph numbered "15" of the complaint, defendant admits that based upon information provided to the District by the local Sheriff's Office concerning a van incident which occurred off school property over the weekend,

the High School was locked down and placed on code yellow upon seeing a van of a similar description on school grounds at which time the police were immediately alerted and the matter was investigated; defendant further admits that each and every time plaintiff Zeno asked defendant Howe if he could guarantee that these events would not happen, defendant would acknowledge a guarantee could not be made but that every action possible was being taken to avoid an encounter with this vehicle and except as so admitted, defendant denies any remaining allegations contained therein and refers all questions of law to the Court.

13. In response to the allegations contained in paragraph numbered "16" of the complaint, defendant admits that a conversation occurred with the Director of Special Education denies the allegations and/or characterizations in the context contained therein and refers all questions of law to the Court.

14. In response to the allegations contained in paragraph numbered "17" of the complaint, defendant denies the allegations contained therein except to affirmatively state that defendant is aware of one incident involving vandalization of A.Z.'s gym locker by a former friend of A.Z. (a black male) which resulted in a suspension of the offending student and except as so admitted, defendant otherwise denies the allegations contained therein and refers all questions of law to the Court.

15. In response to the allegations contained in paragraph numbered "18" of the complaint, defendant admits that a number of the offending students did receive suspensions and/or other disciplinary action and except as so admitted, denies the allegations contained therein and refers all questions of law to the Court.

16. In response to the allegations contained in paragraph numbered "19" of the complaint, defendant admits that some of the offending students who served suspensions did

return to the classrooms previously assigned while other students schedules may have changed and except as so admitted, denies the allegations contained therein and refers all questions of law to the Court.

17. In response to the allegations contained in paragraph numbered "20" of the complaint, defendant admits that after serving a suspension, one of the offending students initially returned to the high school football team with A.Z. but otherwise denies the allegations contained therein and refers all questions of law to the Court.

18. In response to the allegations contained in paragraph numbered "21" of the complaint, defendant admits that various orders of protection were obtained as it related to a number of the offending students and except as so admitted, defendant denies the remaining allegations contained therein and refers all questions of law to the Court.

19. Repeats the above responses with respect to the allegations of paragraph numbered "25" of the complaint as if fully set forth herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

20. That the amended complaint fails to state a claim against the defendant pursuant to Title IX of the Civil Rights Act of 1964.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

21. That the claim for punitive damages set forth in the complaint is barred as a matter of law against said defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

22.     Whatever damages plaintiff may have sustained at the time and place alleged in the complaint were caused in whole or in part, or were contributed to by the culpable conduct and/or want of care and/or assumption of the risk on the part of plaintiff A.Z. and without any negligence or want of care on the part of defendant and such damages should be reduced by the percentage of plaintiff's fault.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

23.     The injuries and damages, if any, allegedly sustained by the plaintiffs, were caused or contributed to, in whole or in part, by the culpable conduct on the part of the third-party or parties not then and there in the control of this answering defendant, without any fault or negligence on the part of the defendant contributing thereto.

24.     By reason of the foregoing, the amount of any damages otherwise recoverable by plaintiffs should be diminished in proportion to such culpable conduct attributable to said third-party or parties.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES AS FOLLOWS:

25.     The Court lacks subject matter jurisdiction under Title IX of the Civil Rights Act of 1964 based upon the factual allegations contained in the complaint.

**WHEREFORE**, defendant demands:

1.      Judgment dismissing the complaint; and

2.      The costs and disbursements of this action.

DATED:     August 16, 2007

_____
RYAN & SMALLACOMBE, PLLC
Attorneys for Defendant
Claudia A. Ryan, Esq.
Bar Roll No.: CR1678
*Office and P.O. Address*:
100 State Street, Suite 800
Albany, New York 12207
Tel. No.: (518) 449-5501

TO:   BERGSTEIN & ULLRICH, LLP
      Attorney for Plaintiffs
      Stephen Bergstein, Esq.
      *Office and P.O. Address*:
      15 Railroad Avenue
      Chester, New York 10918
      Tel. No.: (845) 469-1277

193.7141/Ans

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENRY and CATHLEEN ZENO, on
behalf of their minor son, A.Z.,

                                      Plaintiffs,

    -against-

PINE PLAINS CENTRAL SCHOOL DISTRICT,

                                      Defendant.

---

07 CIV. 6508
(KMK)(MDF)

**ECF CASE**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 16, 2007, I electronically filed an Answer with the Clerk of the Southern District Court using the CM/ECF system, which sent notification of such filing to the following:

TO:    BERGSTEIN & ULLRICH, LLP
         Attorney for Plaintiffs
         Stephen Bergstein, Esq.
         *Office and P.O. Address*:
         15 Railroad Avenue
         Chester, New York 10918
         Tel. No.: (845) 469-1277

                                                _____
                                                CLAUDIA A. RYAN, ESQ.

Sworn to before me this
16th day of August, 2007

_____
Notary Public State of New York

        Amanda R. Stern
    Notary Public, State of New York
         No. 02ST6092264
      Qualified in Albany County
   Commission Expires May 13, 2011