UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
ANTHONY ZENO,                                                    :
                                                                 :
                              Plaintiff,          :   Memorandum and Order
                                                                 :
        -against-                                                :
                                                                 :
                                                                     07 Civ. 6508 (PED)
                                                                 :
PINE PLAINS CENTRAL SCHOOL DISTRICT, :
                                                                 :
                              Defendant.          :
-----------------------------------------------------------------x

Plaintiff, Anthony Zeno, brings this lawsuit alleging that Defendant Pine Plains Central School District failed "to provide an educational environment free from racial harassment and intimidation" in violation of Title VI of the Civil Rights Act of 1967. Plaintiff's Amended Complaint, ¶ 25. Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56, arguing that record evidence shows that: (a) Defendant was not deliberately indifferent to "known acts of student-on-student harassment"; and (b), Plaintiff was "not deprived of access to educational opportunities or benefits" as required under the referenced statute. Defendant's Memorandum of Law in Support of Motion for Summary Judgment ("Memorandum"), p. 1. For the reasons set forth below, Defendant's motion is **DENIED**.

I.   Background

Plaintiff enrolled in Stissing Mountain High School, a school within the jurisdiction of defendant school district, in early 2005. *See* Defendant's Rule 56.1(a) Statement of Material Facts ("Statement"), ¶¶ 3, 9 and 10. He was in the ninth grade at the time of enrollment. *Id.*, ¶ 6. Plaintiff began reporting incidents of purported

harassment to Defendant in February 2005. *Id.*, ¶ 29. Such incidents included, *inter alia*: threats of physical violence, including lynching; the use of racial epithets; vandalism of Plaintiff's property; and actual physical attacks on Plaintiff. *Id.*, ¶¶ 60, 77, 138, 177, 187, and 255. Various students were disciplined over the course of Plaintiff's attendance at the high school for both incidents directly involving Plaintiff and general racist behavior. *Id.*, ¶¶ 65, 86, 127 and 262. The last incident agreed to have been specifically reported to Defendant occurred in or around January, 2008, though Plaintiff claims the harassment continued until slightly prior to his graduation for high school in June, 2008. *Id.*, ¶¶ 260-264.

II. Summary Judgment Standard

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Marvel Characters, Inc. v Simon*, 310 F.3d 280, 285-86 (2d Cir. 2002); *Andy Warhol Foundation for the Visual Arts, Inc. v. Federal Insurance Co.*, 189 F.3d 208, 214 (2d Cir. 1999). The moving party bears the initial burden of identifying "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party then must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Where the non-movant fails to make "a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted. *Celotex*, 477 U.S. at 322.

In assessing the record to determine whether there is a genuine issue of material

fact, the court must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Vann v. City of New York*, 72 F.3d 1040, 1048-49 (2d Cir. 1995). But the court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," *Anderson*, 477 U.S. at 249 (citation omitted), and grant summary judgment where the nonmovant's evidence is conclusory, speculative, or not significantly probative. *Id.* at 249-50. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288 (1968)).

III.   Discussion

Defendant contends that Plaintiff cannot prove a necessary element of his Title VI claim, i.e., that "the defendant School District was…'deliberately indifferent' to plaintiffs' complaints of student-on-student harassment", and, therefore, summary judgment is warranted. Memorandum, p. 12. The standard asserted by Defendant is a correct statement of the law: in order to assert a discrimination claim under Title VI against an education program, said response to the claim of discrimination "must amount to deliberate indifference to discrimination." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 292 (1998).[1] Defendant argues that, given its responses to 14 enumerated

---

[1] While *Gebser* specifically involved claims under Title IX (20 U.S.C. § 1681 *et seq.*), the Supreme Court held in that case that Title VI and Title IX claims are "parallel" for the purposes of analyzing violations and constructing remedies. *Gebser*, 524 U.S. at 289; *see*

3

incidents of claimed racial harassment, this Court should find no deliberate indifference on the part of Defendant as a matter of law. Memorandum, pp. 7-9.

Deliberate indifference may be found either "when the defendant's response to known discrimination is clearly unreasonable in light of the known circumstances" or "when remedial action only follows after a lengthy and unjustifiable delay." *DT v. Somers Central Sch. Dist.*, 588 F.Supp.2d 485, 495 (S.D.N.Y. 2008)(quoting *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 751 (2d Cir. 2003)). Further, "[d]eliberate indifference to discrimination can be shown from a defendant's actions or inaction in light of known circumstances." *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 140 (2d Cir. 1999). Given the factual contentions as set forth by the parties, there remain issues of material fact with regard to Defendant's actions and inactions that preclude summary judgment.

While Defendant argues that, given its documented responses to the above-referenced listed incidents of purported harassment, deliberate indifference cannot be found in this case, the fact that individual responses were made in response to such harassment is not dispositive as to the question of deliberate indifference. In addition to any such responses, a question of fact exists as to Defendant's response to the hostile environment evidenced by the repeated incidents documented:

> In evaluating hostile environment claims, courts have adopted a "totality of the circumstances" approach that rejects disaggregation of the allegations and requires only that the alleged incidents cumulatively have resulted in the creation of a hostile environment. In consequence, defendants' effort to disaggregate and thereby defeat plaintiff's allegations is contrary to law.

---

*also DT v. Somers Cent. Sch. Dist.*, 588 F.Supp.2d 485, 495 (S.D.N.Y. 2008)(applying deliberate indifference standard to Title VI claim).

4

*Crandall v. New York College of Osteopathic Med.*, 87 F.Supp.2d 304, 319 (S.D.N.Y. 2000). Plaintiff has alleged not only discrete incidents of racial harassment, but a pervasive atmosphere of racism that hindered his access to education. Statement, ¶¶ 43, 50, and 99). In light of repeated incidents documented by Defendant, a question of fact remains as to the reasonableness of its comprehensive response to Plaintiff's situation. *See Tesoriero v. Syosset Central School District*, 382 F.Supp.2d 387, 389 (E.D.N.Y. 2005)("[W]here a school district has knowledge that its remedial action is inadequate and ineffective, it is required to take reasonable action in light of those circumstances to eliminate the behavior")(quoting *Vance v. Spencer County Pub. Sch. Dist.*, 231 F.3d 253, 261 (6th Cir. 2000)); *see also Wills v. Brown University*, 184 F.3d 20, 25 (1st Cir. 1999)("if [an institution] learns that its measures have proved inadequate, it may be required to take further steps to avoid new liability"); *Patterson v. Hudson Area Schools*, 551 F.3d 438, 448 (6th Cir. 2009)("We cannot say that, as a matter of law, a school district is shielded from liability if that school district knows that its methods of response, though effective against an individual harasser, are ineffective against persistent harassment against a single student.") Plaintiff's claims are akin to those in *Patterson* and, even were the Court to draw the inferences urged by Defendant as to the efficacy of its responses to individual harassers, whether said responses were reasonable given "persistent harassment against a single student" cannot be decided as a matter of law on summary judgment.

Similar reasoning applies to Defendant's claim that Plaintiff was not denied "access to educational opportunities or benefits." The Supreme Court has defined the standard of denial of access as follows:

5

> It is not necessary, however, to show physical exclusion to demonstrate that students have been deprived by the actions of another student or students of an educational opportunity....Rather, a plaintiff must establish...harassment of students that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities.

*Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 651 (1999)(discussion of school district's potential liability under Title IX). In defining the "systemic effect on educational programs or activities", the Supreme Court explained that "liability may arise when a funding recipient remains indifferent to severe...mistreatment played out on a 'widespread level' among students." *Davis*, 526 U.S. at 652. In light of Defendant's concession of long-term harassment of Plaintiff by numerous students, it remains a question of fact as to whether Plaintiff was denied access to educational opportunities in violation of the statute.

IV.   Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment is **DENIED**.

SO ORDERED.

Dated:     May 19, 2009
           White Plains, NY

_____
Paul E. Davison
United States Magistrate Judge